IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

DAVID BEST,

      Defendant.

Criminal No. 13-0195
ELECTRONICALLY FILED

## ORDER OF COURT RE: DEFENDANT'S PROPOSED POINTS FOR CHARGE (DOC. NO. 261)

Presently before this Court is Defendant's Proposed Points for Charge in which Defendant moves this Court to supplement the final jury instructions for Count 4 with a foreseeability charge. Count 4 of the Superseding Indictment charges that on or about May 8, 2012, Defendant did "knowingly, intentionally and unlawfully possess with intent to distribute and distribute" Opana and Oxycodone and an individual died as a result of the use of these substances. Doc. No. 151, 4. Defendant moves the Court to instruct the jury that "in addition, the government must prove beyond a reasonable doubt that David Best knew or should have known that death would result from [Christopher] Radford's use of the drug in question; or, that David Best intended to cause Radford's death." Doc. No. 261.

The applicable statute, Title 21, United States Code, Section 841(b)(1)(C) does not include a specific mens rea requirement and provides in relevant part that:

> In the case of a controlled substance in schedule I or II, . . . such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life . . . .

As noted by both Parties, there is no case law to support that Defendant's mens rea charge must be included. Doc. No. 266, 1. The United States Supreme Court in *United States v. Burrage*, 571 U.S. \_\_\_\_\_ (2014) declined to specifically address whether a mens rea requirement applies under the overdose statute and there is no binding precedent in the United States Court of Appeals for the Third Circuit that requires a separate mens rea instruction. *See United States v. Robinson*, 167 F.3d 824, 830-31 (3d Cir. 1999).

To limit enhanced penalties to instances in which a Defendant knew or should have known that death or serious bodily would result from the victim's consumption of narcotics the Defendant distributed would contradict the purpose of the statute and clear Congressional intent. Drug trafficking is illegal in large part because of the serious risks of bodily injury and death from narcotics use. Numerous narcotics users die because they consume narcotics obtained from drug traffickers, who may be their family or friends. Death is a foreseeable result of drug dealing and, even if unintended, exposes the drug dealer to increased punishment. Section 841 requires that the Government prove that a defendant "knowingly or intentionally" distributed drugs. There is no further mens rea requirement in cases where drug distribution results in death because all drug dealers know or should know that death or serious bodily injury may result from their drug distribution. To add Defendant's proposed mens rea instruction would render further statutory enhancements because of death or seriously bodily injury almost impossible.

This Court declines to instruct the jury that the Government must prove that Defendant knew or should have known that Mr. Radford would die as a result of consuming narcotics that he allegedly supplied. Therefore, the following Order is entered.

AND NOW, this 25th day of March, 2014, IT IS HEREBY ORDERED THAT Defendant's Proposed Points for Charge (Doc. No. 262) regarding an additional mens rea requirement WILL NOT BE INCLUDED IN THE FINAL JURY INSTRUCTIONS. Defendant's proposed point of charge requiring the Government to prove "but-for" causation WILL BE INCLUDED IN THE FINAL JURY INSTRUCTIONS as agreed by the Parties.

s/ Arthur J. Schwab<br>
Arthur J. Schwab<br>
United States District Judge

cc: All Registered ECF Counsel and Parties