IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES,

                   v.

DAVID BEST,

        Defendant.

CRIMINAL NO.  13-00195
**ELECTRONICALLY FILED**

## FINAL JURY INSTRUCTIONS

## I. General Instructions

Now that you have heard the evidence and the argument, it is my duty to instruct you on the law.

We have given you copies of the special Verdict Form on which you will answer specific questions.  Please take a few minutes to read the Verdict Form, because the instructions I am about to give you will help you answer those questions.

When you retire to the jury room to deliberate, you may take these instructions with you, along with your notes, the exhibits that the Court has admitted into evidence, and the Verdict Form.  You

1

should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under the appropriate burden of proof, Defendant David Best is guilty or not guilty of each of the offenses charged. In other words, it is your duty to determine from the evidence what actually happened in this case, applying the law as I now explain it.

It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the

instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole; do not disregard or give special attention to any one instruction; and do not question the wisdom of any rule of law or rule of evidence I state. In other words, do not substitute your own notion or opinion as to what the law is or ought to be.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you

should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me, or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, a smart phone like Blackberries, Droids, or iPhones, or a computer of any kind; the internet, any internet service, or any text or instant messaging service like Twitter; or any internet chat room, blog, website, or social networking service such as Facebook, MySpace, LinkedIn, or YouTube, to communicate to anyone any information

about this case or to conduct any research about this case until I accept your verdict.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the Bailiff. The Bailiff will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages: Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A Verdict Form has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and the Bailiff will read your verdict. Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the Verdict Form is intended to suggest or convey in any way or manner what I think your verdict should be.  It is your sole and exclusive duty and responsibility to determine the verdict.

## Bias, Sympathy, And Prejudice

You may not allow sympathy or personal feelings to influence your determination.  Your duty is to decide the case solely on the basis of the evidence or lack of evidence and the law as I will instruct you, without bias, prejudice, or sympathy for or against the Defendant, witnesses, or counsel.  Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

## II. Evidence

## What is Evidence?

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other physical items, if any, received as exhibits, and any facts stipulated by the parties.  You must make your decision in this case based only on the evidence that you saw and heard in the courtroom.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

## Exhibits

Counsel for Government and Defendant have agreed to the legal admissibility of various exhibits.  This means that these exhibits meet the requirements of the rules of evidence and therefore have been admitted for your consideration.  This does not

mean that the parties agree as to the inferences or conclusions that you should or may draw from any exhibit.

**Stipulations of Fact**

The parties have agreed, or stipulated, to certain facts as being true and those stipulations have been placed on the record in this trial. You have been provided a copy of these stipulations which you may use during your deliberations. You should treat any stipulations of fact as having been proved for the purposes of this case. You are not required to do so, however, since you are the sole judge of the facts.

**What is Not Evidence?**

The following things are not evidence:

1. The Superseding Indictment;

2. Statements, arguments, questions and comments by the lawyers are not evidence. Although the lawyers may have called your attention to certain facts or factual conclusions that they

thought were important, what the lawyers said is not evidence and is not binding on you.  It is your own recollection and interpretation of the evidence that controls your decision in this case.  Also, do not assume from anything I may have done or said during the trial that I have any opinion about any of the issues in this case or about what your verdict should be.

3.  Likewise, objections are not evidence.  Lawyers have every right to object when they believe something is improper. You should not be influenced by the fact that an objection was made.  You should also not be influenced by my rulings on objections or any sidebar conferences you may have overheard. When I overruled an objection, the question was answered or the exhibit was received as evidence, and you should treat that testimony or exhibit like any other.  When I sustained an objection, the question was not answered or the exhibit was not received as evidence.  You must disregard the question or the exhibit entirely.

Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown. Sometimes a witness may have already answered before a lawyer objected or before I ruled on the objection. If that happened and if I sustained the objection, you must disregard the answer that was given.

4. Any testimony that I ordered stricken from the record, or told you to disregard, is not evidence and you must not consider any such matter. When you are deciding this case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

5. Anything you saw or heard about this case outside the courtroom is not evidence. You must decide the case only on the evidence presented here in the courtroom. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

**Jury's Recollection Controls**

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

**Jurors' Notes**

Your notes are not evidence in the case and must not take precedence over your independent recollection of the evidence. Notes are only an aid to your recollection and are not entitled to greater weight than your recollection of what the evidence actually is. You should not disclose any notes taken to anyone other than a fellow juror.

You were not obligated to take notes.  If you did not take notes you should not be influenced by the notes of another juror, but instead should rely upon your own recollection of the evidence.

**Direct and Circumstantial Evidence**

Two types of evidence may be used in this trial, "direct evidence" and "circumstantial (or indirect) evidence."  You may use both types of evidence in reaching your verdict.

"Direct evidence" is simply evidence which, if believed, directly proves a fact.  An example of "direct evidence" occurs when a witness testifies about something the witness knows from his or her own senses — something the witness has seen, touched, heard, or smelled.

"Circumstantial evidence" is evidence which, if believed, indirectly proves a fact.  It is evidence that proves one or more facts from which you could reasonably find or infer the existence of some other fact or facts.  A reasonable inference is simply a

deduction or conclusion that reason, experience, and common sense lead you to make from the evidence. A reasonable inference is not a suspicion or a guess. It is a reasoned, logical decision to find that a disputed fact exists on the basis of another fact.

For example, if someone walked into the courtroom wearing a wet raincoat and carrying a wet umbrella, that would be circumstantial or indirect evidence from which you could reasonably find or conclude that it was raining. You would not have to find that it was raining, but you could.

Sometimes different inferences may be drawn from the same set of facts. The Government may ask you to draw one inference, and the defense may ask you to draw another. You, and you alone, must decide what reasonable inferences you will draw based on all the evidence and your reason, experience and common sense.

You should consider all the evidence that is presented in this trial, direct and circumstantial. The law makes no distinction

between the weight that you should give to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

### Evidence Admitted for a Limited Purpose

In certain instances evidence may be admitted only for a particular purpose and not generally for all purposes. Whenever evidence was admitted for a limited purpose, consider it only for that purpose, and no other purpose.

### Not All Evidence, Not All Witnesses Needed

Although the Government is required to prove the Defendant guilty beyond a reasonable doubt, the Government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case. In addition, the Defendant is not required to present any evidence or produce any witnesses.

In this case, David Best presented evidence and produced witnesses. David Best is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

**Evidence, Inferences, and Common Sense**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience and common sense tells you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

### III. Credibility of Witnesses / Weight of Testimony in General

As I stated in my preliminary instructions at the beginning of the trial, in deciding what the facts are you must decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility refers to whether a witness is worthy of belief: Was the witness truthful? Was the witness' testimony accurate? You may believe everything a witness says, or only part of it, or none of it.

You may decide whether to believe a witness based on his or her behavior and manner of testifying, the explanations the witness gave, and all the other evidence in the case, just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection. In deciding the question of credibility, remember to use your common sense, your good judgment, and your experience.

In deciding what to believe, you may consider a number of factors:

(1) The opportunity and ability of the witness to see or hear or know the things about which the witness testified;

(2) The quality of the witness' knowledge, understanding, and memory;

(3) The witness' appearance, behavior, and manner while testifying;

(4) Whether the witness has an interest in the outcome of the case or any motive, bias, or prejudice;

(5) Any relation the witness may have with a party in the case and any effect the verdict may have on the witness;

(6) Whether the witness said or wrote anything before trial that was different from the witness' testimony in court;

(7) Whether the witness' testimony was consistent or inconsistent with other evidence that you believe; and

(8) Any other factors that bear on whether the witness should be believed.

### Inconsistencies or Discrepancies

Inconsistencies or discrepancies in a witness' testimony or between the testimony of different witnesses may or may not cause you to disbelieve a witness' testimony. Two or more persons witnessing an event may simply see or hear it differently. Mistaken recollection, like failure to recall, is a common human experience. In weighing the effect of an inconsistency, you should also consider whether it was about a matter of importance or an insignificant detail. You should also consider whether the inconsistency was innocent or intentional.

### Uncontradicted Testimony

You are not required to accept testimony even if the testimony was not contradicted and the witness was not impeached. You may decide that the witness is not worthy of

belief because of the witness' bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons that are sufficient to you.

After you make your own judgment about the believability of a witness, you can then attach to that witness' testimony the importance or weight that you think it deserves.

The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testified or the quantity of evidence that was presented. What is more important than numbers or quantity is how believable the witnesses were, and how much weight you think their testimony deserves.

**False In One, False In All**

If you find that a witness has lied to you in any material portion of his or her testimony, you may disregard that witness' testimony in its entirety. I say that you may disregard such testimony, not that you must. However, you should consider

whether the untrue part of the testimony was the result of a mistake or inadvertence, or was, rather, willful and stated with a design or intent to deceive.

### Number of Witnesses Not Important

The weight of the evidence is not determined by the number of witnesses testifying for either side. You may find that the testimony of a small number of witnesses as to any fact is more credible than that of a larger number of witnesses to the contrary. In short, what is most important is how believable the witnesses were, and how much weight you think their testimony deserves.

### Defendant's Testimony

In a criminal case, the Defendant has a constitutional right not to testify. However, if he chooses to testify, he is, of course, permitted to take the witness stand on his own behalf. In this case, David Best testified. You should examine and evaluate his testimony just as you would the testimony of any witness.

**Consciousness of Guilt (Flight, Concealment, Use of an Alias, etc.)**

You have heard testimony that after the crimes were supposed to have been committed, David Best began to conspire to rob another pharmacy and possibly flee the county.

If you believe that David Best conspired to do so, then you may consider this conduct, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty of the crimes charged and was trying to avoid punishment. On the other hand, sometimes an innocent person may consider fleeing for some other reason. Whether or not this evidence causes you to find that the Defendant was conscious of his guilt of the crimes charged, and whether that indicates that he committed the crimes charged, is entirely up to you as the sole judges of the facts.

**Motive Explained**

Motive is not an element of the offense with which David Best is charged. Proof of bad motive is not required to convict. Further, proof of bad motive alone does not establish that David Best is guilty and proof of good motive alone does not establish that he is not guilty. Evidence of David Best's motive may, however, help you find David Best's intent.

Intent and motive are different concepts. Motive is what prompts a person to act. Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct. However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.

## Impeachment of Witness - Prior Inconsistent Statement for Credibility Only

You have heard the testimony of certain witnesses. You have also heard that before this trial they may have made statements that may be different from their testimony in this trial. It is up to you to determine whether these statements were made and whether they were different from the witnesses' testimony in this trial. These earlier statements were brought to your attention only to help you decide whether to believe the witnesses' testimony here at trial. You cannot use it as proof of the truth of what the witnesses said in the earlier statements. You can only use it as one way of evaluating the witnesses' testimony in this trial.

You also heard evidence that certain witnesses made statements before this trial that were made under oath and that may be different from his or her testimony at trial. When a statement is made under oath, you may not only use it to help you decide whether you believe the witness' testimony in this trial but you may also use it as evidence of the truth of what the witnesses said in the earlier statements. But when a statement is not made under oath, you may use it only to help you decide whether you believe the witness' testimony in this trial and not as proof of the truth of what the witnesses said in the earlier statements.

**Stipulated Testimony**

The parties have agreed what certain witnesses' testimony would have been if they had been called as a witness. This stipulated testimony is set forth in the parties' Joint Stipulations, Document Number 295, which you have had throughout trial. You should consider that testimony in the same way as if it had been given here in court by the witness.

**Credibility of Witnesses-Law Enforcement Officer**

You have heard the testimony of law enforcement officers. The

fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness. At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case. You must decide, after reviewing all the evidence, whether you believe the testimony of the law enforcement witness and how much weight, if any, it deserves.

### Credibility of Witnesses - Witness Who Has Pleaded Guilty to Same or Related Offense, Accomplices, Immunized Witnesses, Cooperating Witnesses

You have heard evidence that multiple witnesses:

- were alleged accomplices or co-conspirators, someone who says he or she participated in the crime charged; or

- has made a plea agreement with the Government; or

- has received a promise from the

Government that his or her testimony will

not be used against him or her in a criminal

case; or

- received a benefit from the Government in

exchange for testifying.

His or her testimony was received in evidence and may be

considered by you.  The Government is permitted to present the

testimony of someone who has reached a plea bargain with the

Government in exchange for his or her testimony, but you should

consider the testimony of such witnesses with great care and caution.  In

evaluating their testimony, you should consider this factor along with the

others I have called to your attention.  Whether or not his or her

testimony may have been influenced by the plea agreement is for you to

determine.  You may give his or her testimony such weight as you think

it deserves.

You must not consider a cooperating witness' guilty plea as any

evidence of David Best's guilt.  The cooperating witness' decision to

plead guilty was a personal decision about his or her own guilt. Such evidence is offered only to allow you to assess the credibility of the witness; to eliminate any concern that the Defendant has been singled out for prosecution; and to explain how the witness came to possess detailed first-hand knowledge of the events about which he or she testified. You may consider the cooperating witness' guilty plea only for these purposes.

### Credibility of Witnesses - Testimony of Addict or Substance Abuser

Evidence was introduced during the trial that certain witnesses were using drugs, addicted to drugs, or abusing alcohol when the events took place. There is nothing improper about calling such a witness to testify about events within that witness' personal knowledge.

On the other hand, his or her testimony must be considered with care and caution. The testimony of a witness who uses drugs or abuses alcohol may be less believable because of the effect the drugs or alcohol may have on his or her ability to perceive, remember, or relate the events in question.

After considering his or her testimony in light of all the evidence in this case, you may give it whatever weight, if any, you find it deserves.

### Impeachment of Witness - Prior Bad Acts

You heard evidence that certain witnesses committed prior crimes or bad acts. You may consider this evidence, along with other pertinent evidence, only in deciding whether to believe him or her and how much weight to give his or her testimony.

### Impeachment of Witness - Prior Conviction

You heard evidence that certain witnesses were previously convicted of a crime punishable by more than one year in jail or involving dishonesty or false statement. You may consider this evidence, along with other pertinent evidence, in deciding whether or not to believe such a witness and how much weight to give to the witness' testimony.

### Audio/Video Recordings - Consensual

During the trial you heard and saw audio and video recordings of

conversations with the Defendant made without his knowledge. These recordings were made with the consent and agreement of the person making the call or the other party to the conversation.

The use of this procedure to gather evidence is lawful and the recordings may be used by either party.

**Audio/Video Recordings - Transcripts**

You have heard and seen audio and video recordings that were received in evidence, and you were given written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings you must ignore the transcripts as far as those parts are concerned.

The transcripts name the speakers. But remember, you must

decide who you actually heard speaking in the recording.  The names on the transcript were used simply for your convenience.

### Opinion Evidence (Expert Witnesses)

The rules of evidence ordinarily do not permit witnesses to state their own opinions about important questions in a trial, but there are exceptions to these rules.

You have heard testimony from:

- Agent Johns;

- Dr. Katz;

- Dr. Shakir;

- Dr. Fowler; and

- Dr. Middleberg.

Because of their knowledge, skill, experience, training, or education in their fields these witnesses have been permitted to offer opinions in their field and the reasons for those opinions.

The opinions these witnesses state should receive whatever weight you think appropriate, given all the other evidence in the case.  In

weighing this opinion testimony you may consider the witness'

qualifications, the reasons for the witness' opinions, and the reliability of

the information supporting the witness' opinions, as well as the other

factors I will discuss in my final instructions for weighing the testimony

of witnesses.  You may disregard the opinions entirely if you decide that

the expert witnesses opinions are not based on sufficient knowledge,

skill, experience, training, or education.  You may also disregard the

opinions if you conclude that the reasons given in support of the

opinions are not sound, or if you conclude that the opinions are not

supported by the facts shown by the evidence, or if you think that the

opinions are outweighed by other evidence.

**IV. Nature of Indictment, Burden of Proof, etc.**

**Nature/Summary of the Indictment**

As I explained at the beginning of trial, an indictment is just the

formal way of specifying the exact crimes the Defendant is accused of

committing.  An indictment is simply a description of the charges

against a defendant. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the Defendant has been indicted in making your decision in this case.

Count One charges Defendant with conspiring with others to distribute and possess with the intent to distribute oxycodone and oxymorphone, both of which are Schedule II controlled substances.

Counts Two and Three charge Defendant with possessing with the intent to distribute and distributing oxycodone or oxymorphone.

Count Four charges Defendant with distributing oxycodone and/or oxymorphone, and that death resulted from the distribution of the drug or drugs.

Count Five charges Defendant with possession of a firearm in furtherance of drug trafficking, and using and carrying a firearm during and in relation to a drug trafficking crime.

Counts Six, Seven, and Eight charge Defendant with burglarizing pharmacies located in the Western District of Pennsylvania.

Counts Nine, Ten, Eleven, and Sixteen charge Defendant with possessing with the intent to distribute various controlled substances.

**On or About**

You will note that the Superseding Indictment charges that the offense was committed "on or about" or "in and around" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**Venue**

The Superseding Indictment alleges that some act in furtherance of the offense charged occurred here in the Western District of Pennsylvania. There is no requirement that all aspects of the offense charged took place here in the Western District of Pennsylvania. But for you to return a guilty verdict, the Government must convince you that some act in furtherance of the crime charged either the agreement, or one of the overt acts, took place here in the Western District of

Pennsylvania.  Unlike all the elements that I have described, this fact

only has to be proved by a preponderance of the evidence.  This means

the Government only has to convince you that it is more likely than not

that, some act in furtherance of the crime charged or part of the

conspiracy took place here.  Remember that the Government must prove

all the other elements I have described beyond a reasonable doubt.

### Indictment in the Conjunctive, Statute and Required Proof in the Disjunctive

Before I discuss elements of the offenses charged in the

Superseding Indictment, I want to instruct you in the meaning of the

word "and" when it is used in statutes or indictments.

It is not uncommon that a given criminal statute will prohibit not

merely one form of action but several related forms if action in what

lawyers call "the disjunctive," that is, separated by the word "or."  For

example, the federal drug statute, 21 U.S.C. Section 841(a)(1), makes it

illegal to knowingly or intentionally manufacture, distribute, or

dispense, or possess with intent to manufacture, distribute or dispense, a

controlled substance.  This statute prohibits six different actions: (1)

manufacturing, (2) distributing, (3) dispensing, (4) possessing with intent to manufacture, (5) possessing with intent to distribute, and (6) possessing with intent to dispense. All six of these crimes are separated by the word "or" in the statute.

Yet, when you look at the Superseding Indictment, it is permissible for the Government to charge all six and separate them with the word "and." This, however, does not mean that if the Government does so, it must prove that the Defendant violated the drug statute in all six ways. If only one of those alternatives is proved beyond a reasonable doubt, that is sufficient for conviction. As the United States Supreme Court has said: "The general rule is that when a jury returns a guilty verdict on an Superseding Indictment charging several acts in the conjunctive, . . . the verdict stands if the evidence is sufficient with respect to any one of the acts charged." Thus, for example, if the evidence proves that a defendant possessed with the intent to distribute oxycodone, it is irrelevant whether or not he also distributed it.

## Presumption of Innocence; Burden of Proof; Reasonable Doubt

David Best pleaded not guilty to the offenses charged. Defendant is presumed to be innocent. He started the trial with a clean slate, with no evidence against him. The presumption of innocence stays with David Best unless and until the Government has presented evidence that overcomes that presumption by convincing you that David Best is guilty of an offense charged beyond a reasonable doubt. The presumption of innocence requires that you find David Best not guilty, unless you are satisfied that the Government has proved guilt beyond a reasonable doubt.

The presumption of innocence means that David Best has no burden or obligation to present any evidence at all or to prove that he is not guilty. The burden or obligation of proof is on the Government to prove that David Best is guilty and this burden stays with the Government throughout the trial.

In order for you to find David Best guilty of an offense charged, the Government must convince you that David Best is guilty beyond a

reasonable doubt.  That means that the Government must prove each and every element of the offenses charged beyond a reasonable doubt.  A defendant may not be convicted based on suspicion or conjecture, but only on evidence proving guilt beyond a reasonable doubt.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt or to a mathematical certainty.  Possible doubts or doubts based on conjecture, speculation, or hunch are not reasonable doubts.  A reasonable doubt is a fair doubt based on reason, logic, common sense, or experience.  It is a doubt that an ordinary reasonable person has after carefully weighing all of the evidence, and is a doubt of the sort that would cause him or her to hesitate to act in matters of importance in his or her own life.  It may arise from the evidence, or from the lack of evidence, or from the nature of the evidence.

If, having now heard all the evidence, you are convinced that the Government proved each and every element of the offense charged beyond a reasonable doubt, you should return a verdict of guilty for that offense.  However, if you have a reasonable doubt about one or more of

the elements of the offense charged, then you must return a verdict of not guilty of that offense.

**Verdict as to Defendant Only**

You are here to determine whether the Government has proven the guilt of the Defendant for the charges in the Superseding Indictment beyond a reasonable doubt. You are not called upon to return a verdict as to the guilt or innocence of any other person or persons.

So, if the evidence in the case convinces you beyond a reasonable doubt of the guilt of Defendant for the crimes charged in the Superseding Indictment, you should so find, even though you may believe that one or more other unindicted persons are also guilty. But if any reasonable doubt remains in your minds after impartial consideration of all the evidence in the case, it is your duty to find Defendant not guilty.

**Separate Consideration – Single Defendant Charged with Multiple Offenses**

The Defendant David Best is charged at Counts 1-11 and 16; each offense is charged in a separate count of the Superseding Indictment.

The number of offenses charged is not evidence of guilt, and this should not influence your decision in any way. You must separately consider the evidence that relates to each offense, and you must return a separate verdict for each offense. For each offense charged, you must decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of that particular offense.

Your decision on one offense, whether guilty or not guilty, should not influence your decision on any of the other offenses charged. Each offense should be considered separately.

In order to find David Best guilty of any of these offenses, you must all find that the Government proved each element of each offense beyond a reasonable doubt, as I will explain in more detail now.

## IV. Elements of the Offenses Charged

Please pay close attention to these instructions and, in particular the Count that is described, because the elements of some Counts are discussed in a group and are not discussed in the exact same order as they are listed on your Verdict Form.

_____

### COUNT ONE

<u>Conspiracy to Distribute and Possess with Intent to Distribute</u>

Count One of the Superseding Indictment charges that from in and around July 2011, and continuing thereafter to in and around May, 2013, in the Western District of Pennsylvania and elsewhere, David Best agreed or conspired together with one or more other persons to distribute and possess with the intent to distribute controlled substances, which in this case were oxycodone and oxymorphone, including in the form known as Opana, both of which are Schedule II controlled substances.

It is a federal crime for two or more persons to agree or conspire to commit any offense against the United States, even if they never actually achieve their objective. A conspiracy is a kind of criminal partnership.

In order for you to find David Best guilty of conspiracy to distribute or possess with the intent to distribute a controlled substance, you must find that the Government proved beyond a reasonable doubt each of the following three (3) elements:

**First**: That two or more persons agreed to distribute and/or possess with the intent to distribute a controlled substance, which in this case is either oxycodone or oxymorphone in the form known as Opana, or both. I will explain the elements of this offense to you shortly;

**Second**: That David Best was a party to or member of that agreement; and

**Third**: That David Best joined the agreement or conspiracy knowing of its objectives to distribute and/or possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that those objectives; that

is, that David Best and at least one other alleged conspirator shared a unity of purpose and the intent to achieve that those objectives.

I will explain these elements in more detail.

Existence of an Agreement

The first element of the crime of conspiracy is the existence of an agreement. The Government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve the overall objective of the conspiracy, to commit the offense of distributing a controlled substance outside the usual course of professional practice and not for a legitimate medical purpose.

The Government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The Government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objective, or agreed to all the details, or agreed to what the means were by which the objective would be

accomplished.  The Government is not even required to prove that all the people named in the Superseding Indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.  What the Government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the Government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could

not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

The Superseding Indictment charges a conspiracy to commit several federal crimes, namely, the conspiracy to distribute and possess with the intent to distribute both oxycodone and oxymorphone. The Government does not have to prove that the alleged conspirators agreed to commit all of these crimes. The Government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime. You cannot find David Best guilty of conspiracy unless you unanimously agree that the same federal crimes were the objectives of the conspiracy. It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.

### Membership in the Agreement

If you find that a criminal agreement or conspiracy existed, then, in order to find a defendant guilty of conspiracy you must also find that the

Government proved beyond a reasonable doubt that that defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The Government must prove that that defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The Government need not prove that a defendant knew everything about the conspiracy or that he knew everyone involved in it, or that he was a member from the beginning. The Government also does not have to prove that a defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether a defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that a defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or

was only present when it was discussed or when a crime was committed, is not sufficient to prove that that defendant was a member of the conspiracy even if that defendant approved of what was happening or did not object to it. Likewise, evidence showing that a defendant may have done something that happened to help a conspiracy does not necessarily prove that he joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the Government proved beyond a reasonable doubt that a defendant joined the conspiracy.

Conspiracy – Mental States

In order to find a defendant guilty of conspiracy you must find that the Government proved beyond a reasonable doubt that that defendant joined the conspiracy knowing of its objective and intending to help further or achieve that objective. That is, the Government must prove:

(1) that the defendant knew of the objective or goal of the conspiracy;

(2) that the defendant joined the conspiracy intending to help further or achieve that goal or objective; and

(3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

You may consider both direct evidence and circumstantial evidence, including a defendant's words or conduct and other facts and circumstances, in deciding whether that defendant had the required knowledge and intent. For example, evidence that a defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that that defendant had the required intent or purpose that the conspiracy's objective be achieved.

## No Overt Acts Required

To prove the crime of conspiracy under Title 21, United States Code, Section 846, the Government is not required to prove that any overt acts were performed. Under the law, the agreement to commit the offense is alone sufficient to prove a charge of conspiracy against a

defendant, if you find that that defendant intentionally became a member of the conspiracy.

Proof of the commission of overt acts is merely evidence from which you may infer the existence of the conspiracy.

Success Immaterial

The Government is not required to prove that any of the members of the conspiracy were successful in achieving the objective of the conspiracy. You may find a defendant guilty of conspiracy if you find that the Government proved beyond a reasonable doubt the elements I have explained, even if you find that the Government did not prove that any of the conspirators actually committed any other offense against the United States. Conspiracy is a criminal offense separate from the offense that was the objective of the conspiracy; conspiracy is complete without the commission of that offense.

Time Period

Although Count One of the Superseding Indictment charges that the conspiracy existed on or about particular periods of time, it is not

essential that the Government prove that the conspiracy started or ended on or about the specific dates charged in that count. It is sufficient if you find that in fact the charged conspiracy was formed and existed for some time within the period set forth in the Superseding Indictment.

A conspiracy ends when the objectives of the conspiracy have been achieved or when all members of the conspiracy have withdrawn from it. However, a conspiracy may be a continuing conspiracy and if it is, it lasts until there is some affirmative showing that it has ended or that all its members have withdrawn. A conspiracy may be a continuing one if the agreement includes an understanding that the conspiracy will continue over time. Also, a conspiracy may have a continuing purpose or objective and, therefore, may be a continuing conspiracy.

## Acts and Statements of Co-Conspirators

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators of the Defendant, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these

acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against a defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in a defendant's absence and without his knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

Acts done or statements made by an alleged co-conspirator before a defendant joined the alleged conspiracy may also be considered by you as evidence against that defendant. However, acts done or statements made before the alleged conspiracy began or after it ended may only be considered by you as evidence against the person who performed that act or made that statement.

<u>The Object of the Conspiracy</u>

The object of the conspiracy charged in the Superseding Indictment was to distribute or possess with the intent to distribute controlled substances. The focus of the conspiracy is whether the Defendant and others *agreed* to distribute or possess with the intent to distribute oxycodone and/or oxymorphone, including in the form known as Opana, and not whether any such distribution or possession with the intent to distribute actually occurred.

The elements of possession with the intent to distribute oxycodone and/or oxymorphone are as follows. These instructions apply to the conspiracy in that they define what the Government alleges the Defendant charged in the conspiracy, count one, was agreeing to do.

**First**: That David Best or a co-conspirator agreed to possess a mixture or substance containing a controlled substance;

**Second**: That this possession was knowing or intentional;

**Third**: That David Best or a co-conspirator intended to distribute the controlled substance; and,

**Fourth**:  That the controlled substance was oxycodone or oxymorphone.

The elements of distribution of oxycodone or oxymorphone are as follows.   Likewise, these instructions apply to the conspiracy in that they define what the Government alleges the Defendant charged in the conspiracy count was agreeing to do.

**First**: That David Best or a co-conspirator agreed to distribute a mixture or substance containing a controlled substance;

**Second**: That this agreement to distribute a controlled substance was knowingly or intentionally entered into; and,

**Third**: That the controlled substances agreed upon were oxycodone or oxymorphone.

As explained above, the Government does not have to prove that David Best agreed to both possess with the intent to distribute oxycodone and/or oxymorphone **and** agreed to distribute oxycodone and/or oxymorphone.  Rather, either possession with the intent to distribute **or** distribution of either of these substances will suffice to find

David Best guilty of the conspiracy charge.  I will now define certain words within these elements for you.

## Possession Defined

To "possess" a controlled substance means to have it within a person's control.  The Government does not have to prove that David Best or a co-conspirator physically held the controlled substance, that is, had actual possession of it.  As long as the controlled substance was within David Best or a co-conspirator's control, he possessed it.  If you find that David Best or a co-conspirator either had actual possession of the controlled substance or had the power and intention to exercise control over it, even though it was not in David Best's physical possession - that is, that David Best or a co-conspirator had the ability to take actual possession of the substance when David Best or a co-conspirator wanted to do so - you may find that the Government has proved possession.  Possession may be momentary or fleeting.  Proof of ownership of the controlled substance is not required.

The law also recognizes that possession may be sole or joint. If one person alone possesses a controlled substance, that is sole possession. However, more than one person may have the power and intention to exercise control over a controlled substance. This is called joint possession. If you find that David Best or a co-conspirator had such power and intention, then he possessed the controlled substance even if he possessed it jointly with another.

<u>Distribute Defined</u>

To distribute, as used in the offense charged, means to deliver or to transfer possession or control of a controlled substance from one person to another. To distribute includes the sale of a controlled substance by one person to another, but does not require a sale. Distribution also includes a delivery or transfer without any financial compensation, such as a gift or trade.

<u>Oxycodone and Oxymorphone are Controlled Substances</u>

You are instructed that, as a matter of law, both oxycodone and oxymorphone are controlled substances, that is, some kind of prohibited drugs.

It is solely for you, however, to decide whether the Government has proved beyond a reasonable doubt that David Best conspired to distribute or possess with the intent to distribute a mixture or substance containing oxycodone and oxymorphone.

<u>Knowingly Defined</u>

To act knowingly, as used in the offense charged, means that David Best was conscious and aware that he was engaged in the acts charged and knew of the surrounding facts and circumstances that make out the offense.  Knowingly does not require that David Best knew that the acts charged and surrounding facts amounted to a crime.

To act intentionally, as used in the offense charged, means to act deliberately and not by accident.  Intentionally does not require that David Best intended to violate the law.

The phrase "knowingly or intentionally," as used in the offense charged, requires the Government to prove beyond a reasonable doubt that David Best knew that what he conspired to distribute or possess with intent to distribute was a controlled substance. In deciding whether David Best acted "knowingly or intentionally," you may consider evidence about what David Best said, what David Best did and failed to do, how David Best acted, and all the other facts and circumstances shown by the evidence that may prove what was in David Best's mind at that time.

Intent Defined

To find that David Best or a co-conspirator had the intent to distribute a controlled substance you must find that David Best or a co-conspirator had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else.

In determining whether David Best or a co-conspirator had the intent to distribute you may consider all the facts and circumstances shown by the evidence presented, including David Best's words and

actions. In determining David Best or a co-conspirator's intent to distribute controlled substances, you may also consider, among other things, the quantity and purity of the controlled substance, the manner in which the controlled substance was packaged, and the presence or absence of weapons, large amounts of cash, or equipment used in the processing or sale of controlled substances.

---

## COUNTS 2 AND 3

The object of the conspiracy charged in Count One is to possess with the intent to distribute and distribute controlled substances. As I have just instructed you, the focus of Count One is whether David Best and others agreed to possess with the intent to distribute and distribute controlled substances, not whether any such distribution actually occurred.

Counts Two and Three of the Superseding Indictment each charge David Best with possessing with the intent to distribute and distributing, a mixture or substance containing a controlled substance, specifically,

oxymorphone, in the form known as Opana, as charged in Count Two, and oxycodone, as charged in Count Three. Possession with the intent to distribute and distribution of these controlled substances is a violation of federal law. As explained above, the Government does not have to prove that the Defendant both possessed with the intent to distribute and distributed the controlled substance; rather, proof of either one of those acts will suffice.

I will now instruct you on the elements of possession with the intent to distribute a controlled substance. As explained, these instructions also apply to the conspiracy count in that they define what the Government alleges that the Defendant, as charged in the conspiracy, was agreeing to do.

In order to find a defendant guilty of possessing with the intent to distribute a controlled substance, you must find that the Government proved each of the following four elements:

**First**: That David Best possessed a mixture or substance containing a controlled substance;

**Second**:  That this possession was knowing or intentional;

**Third**: That David Best intended to distribute the controlled substance; and,

**Fourth**:  That the controlled substance was oxycodone or oxymorphone.

As explained, as a matter of law, both oxycodone and oxymorphone are controlled substances.

The elements of distribution of oxycodone and oxymorphone are as follows.   Likewise, these instructions apply to the conspiracy in that they define what the Government alleges the Defendant charged in the conspiracy count was agreeing to do.

**First**: That David Best distributed a mixture or substance containing a controlled substance;

**Second**: That this distribution was done knowingly and intentionally; and,

**Third**: That the controlled substance distributed was either oxycodone or oxymorphone.

I have already defined for you terms such as possession, distribution, knowingly and intentionally, and I will not repeat those instructions again.

---

### COUNTS 9, 10, 11, and 16

Counts 9, 10, 11, and 16 each charge David Best with possessing with the intent to distribute a controlled substance. Specifically, Count Nine charges David Best with possessing with the intent to distribute the controlled substances fentanyl and oxymorphone, in the form known as Opana. Count Ten charges David Best with possessing with the intent to distribute the controlled substances Ritalin, oxycodone, including in the form known as Oxycontin, methylphenidate, Vyvanse, and oxymorphone, in the form known as Opana. Count Eleven charges David Best with possessing the controlled substances morphine sulfate, Roxicet, Ritalin, Focalin, methylphenidate, oxymorphone, including in the form known as Opana, oxycodone, hydromorphone, methadone, meperidine, and Vyvanse. Finally, Count Sixteen charges David Best

with possessing with the intent to distribute the controlled substance oxymorphone, in the form known as Opana. I have already instructed you on what it means to possess with the intent to distribute, and I will not do so again now. However, I instruct you as a matter of law that all of the drugs I just mentioned are controlled substances.

_____

### COUNT FOUR

The Defendant is charged in Count 4 of the Superseding Indictment with the crime of distribution of a quantity of oxycodone and/or a quantity of oxymorphone, on or about May 8, 2012, which resulted in the death of a person, in violation of federal law. In this case, the Government contends that on or about May 8, 2012, David Best provided oxycodone and/or oxymorphone to several individuals, including Christopher Radford. The Government contends that Mr. Radford died of an overdose from that oxycodone and/or oxymorphone. In order for you to find the Defendant guilty of this crime, the

Government must prove each of the following essential elements beyond a reasonable doubt:

**First**: that on or about the date set forth in that count of the Superseding Indictment, the Defendant distributed a controlled substance, to wit, oxycodone, oxymorphone in the form known as Opana, or both;

**Second**: that he did so knowingly and intentionally;

**Third**: that oxycodone and oxymorphone are Schedule II controlled substances; and

**Fourth**: that the death of a person resulted from the use of the controlled substance or controlled substances.

In order for the Government to establish that the oxycodone and/or oxymorphone distributed by the Defendant resulted in the death of Christopher Radford, the Government must prove that Christopher Radford died because of his use of the oxycodone and/or oxymorphone that the Defendant distributed on or about the date alleged in the Superseding Indictment. For example, where A shoots B, who is hit

and dies, we can say that A actually caused B's death, since but for A's conduct, B would not have died. Put another way, to meet the cause of death standard required by the statute, the Government must show that Christopher Radford died as a result of his ingestion of the controlled substance or substances distributed by the Defendant.

The Government is not required to prove that oxycodone and/or oxymorphone were the only drugs in Christopher Radford's system at the time of his death. The fact that Christopher Radford may have used other drugs on the evening of his death in addition to oxycodone and oxymorphone is not determinative even if those other drugs played a part in Radford's death, so long as you determine beyond a reasonable doubt that Radford would not have died had he not ingested the oxycodone or oxymorphone allegedly distributed by David Best. In other words, the use of the drugs allegedly distributed by the Defendant may be combined with other factors to produce the result of death, so long as those other factors alone would not have resulted in Christopher Radford's death. As an example, if poison is administered to a man

debilitated by multiple diseases, it is a but-for cause of death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would have lived.

The Government is not required to prove that the Defendant knew or should have known that death would result from the use of the controlled substance or substances alleged in the Superseding Indictment. Nor is there any requirement that the Defendant intended to cause the death of Christopher Radford. In addition, the Government is not required to prove that Defendant handed the controlled substance or substances directly to Christopher Radford himself. Rather, anyone in the chain of distribution is liable as long as death resulted from the use of the distributed controlled substances.

Finally, and with respect to the fourth element of the crime, that death resulted from the use of the controlled substances distributed by Defendant, the Government is not required to prove that David Best distributed both the oxycodone and the oxymorphone, and that the ingestion of both of those controlled substances resulted in the death of

Christopher Radford.  Rather, the Government is required only to prove that one of those two substances, or both of them, was distributed by David Best, and that this substance or, acting together, those two substances, caused the death of Christopher Radford.  However, the jury must be unanimous as to which substance or substances was distributed by David Best and caused the death of Christopher Radford.

_____

**COUNTS 6, 7, and 8**

Count Six charges: On or about December 1, 2011, in the Western District of Pennsylvania, the Defendant, David Best, without authority, entered the business premises of a person registered with the Drug Enforcement Administration under Title 21, United States Code, Section 822, that is Med Fast Pharmacy, located at 1647 West State Street, Baden, Pennsylvania, 15005, with intent to steal materials and compounds containing any quantity of a controlled substance, including but not limited to, oxycodone and fentanyl, each a Schedule II controlled

substance, and whose replacement value was not less than $500. In violation of Title 18, United States Code, Section 2118(b).

Count Seven charges: On or about September 26 and 27, 2012, in the Western District of Pennsylvania, the Defendant, David Best, together with others, without authority, entered, and aided and abetted the entry of, the business premises of a person registered with the Drug Enforcement Administration under Title 21, United States Code, Section 822, that is Med Fast Pharmacy, located at 1647 West State Street, Baden, Pennsylvania, 15005, with intent to steal materials and compounds containing any quantity of a controlled substance, including but not limited to, Ritalin, oxycodone, including in the form known as Oxycontin, methylphenidate, Vyvanse, and oxymorphone, including in the form known as Opana, each a Schedule II controlled substance, and whose replacement value was not less than $500. In violation of Title 18, United States Code, Sections 2 and 2118(b).

Count Eight charges: On or about February 15, 2013, in the Western District of Pennsylvania, the Defendant, David Best, without

authority, entered, and aided and abetted the entry of, the business premises of a person registered with the Drug Enforcement Administration under Title 21, United States Code, Section 822, that is Med Fast Pharmacy, located at 1647 West State Street, Baden, PA, 15005, with intent to steal materials and compounds containing any quantity of a controlled substance, including but not limited to, morphine sulfate, Roxicet, Ritalin, Focalin, methylphenidate, oxymorphone, including in the form known as Opana, oxycodone, hydromorphone, methadone, meperidine, and Vyvanse, each a Schedule II controlled substance, and whose replacement value was not less than $500. In violation of Title 18, United States Code, Sections 2 and 2118(b).

In order to find a defendant guilty of a violation of 18 U.S.C. §§ 2118(b) as described in the three counts of the Superseding Indictment I just read, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

**First**: Without authority, a defendant entered or attempted to enter, or remained in the business premises or property of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substances Act (21 U.S.C. § 822);

**Second**: That a defendant intended to steal materials and compounds containing any quantity of a controlled substance; and

**Third**: The replacement cost of the controlled substance to the person registered with the Drug Enforcement Agency was not less than $500.

The parties have stipulated here that Med-Fast pharmacy, located at 1647 West State Street, Baden, PA, 15005, is registered with the Drug Enforcement Administration under Title 21, United States Code, Section 822. The parties have further stipulated that in each of the burglaries charged at Counts Six, Seven and Eight, that the value of the controlled substances stolen during the burglaries exceeded $500.

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another

person in committing the offense. The Government alleges in Count 8 that the Defendant, David Best, both committed the crime himself of burglary of a pharmacy involving controlled substances, and aided and abetted the commission of that crime. In order to find defendant, David Best, guilty of that offense on the theory that David Best aided and abetted the commission of the pharmacy burglary charged in Count Eight, you must find that the Government proved beyond a reasonable doubt each of following four requirements.

**First**: That a person committed the offense charged by committing each of the elements of the offense charged in Count Eight of the Superseding Indictment, as I have explained those elements to you in these instructions. A person need not have been charged with or found guilty of the offense, however, as long as you find that the Government proved beyond a reasonable doubt that a person committed the offenses.

**Second**: That David Best knew that the offense charged in the count listed in the first requirement of this instruction were going to be committed or were being committed by another person;

70

**Third**: That David Best did some act for the purpose of aiding, assisting, soliciting, facilitating, and/or encouraging the commission of the offense charged in Count Eight and with the intent that a person commit that offense; and

**Fourth**: That David Best's acts did, in some way aid, assist, facilitate, and/or encourage others to commit the offense. David Best's acts need not themselves be against the law.

Evidence that a defendant was merely present during the commission of the offense charged in the Superseding Indictment is not enough for you to find him guilty as an aider and abetter. In addition, if the evidence shows that a defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was a defendant's, intent and purpose to aid, assist, encourage, and/or facilitate, or otherwise associate himself with the offense, you may not find a defendant guilty of the offense charged in the Superseding Indictment as an aider and abetter. The Government must prove beyond a reasonable doubt that David Best in

some way participated in the offenses committed, as something he wished to bring about and to make succeed.

Last, you are instructed that the drugs set forth in Counts Six through Eight of the Superseding Indictment: fentanyl, morphine sulfate, Roxicet, Ritalin, Focalin, methylphenidate, oxymorphone, including in the form known as Opana, oxycodone, including in the form known as Oxycontin, hydromorphone, methadone, meperidine, Vyvanse, and oxycodone are controlled substances as a matter of law.

---

## COUNT FIVE

Count Five of the Superseding Indictment charges Defendant with, on or about June 20, 2012, knowingly using, carrying or brandishing a firearm, that is, a Smith and Wesson black hammerless snub nose revolver, serial number 88290, during and in relation to a drug trafficking crime, that is, conspiracy to distribute and possess with intent to distribute oxycodone and oxymorphone, Schedule II controlled substances, as charged in Count One of the Superseding Indictment.

The charge further alleges that Defendant did knowingly possess that firearm in furtherance of the drug trafficking crime as charged in Count One of the Superseding Indictment.

Defendant's guilt can be established if the Government proves beyond a reasonable doubt either that Defendant used, carrying and brandished a firearm during and in relation to the drug trafficking conspiracy charged in Count One of the Superseding Indictment or that he possessed that firearm in furtherance of the drug trafficking crime. Either one can establish Defendant's guilt, but the jury must be unanimous as to which, or both, acts Defendant committed.

The term "firearm" means any weapon which will expel, or is designed to or may readily be converted to expel, a projectile by the action of an explosive. The term includes the frame or receiver of any such weapon.

In determining first whether Defendant used or carried a firearm during a drug trafficking crime, you must find that the Government proved each of the following three elements beyond a reasonable doubt:

**First**: That David Best committed the crime of conspiracy to distribute and possess with the intent to distribute oxycodone and/or oxymorphone as charged in Count One of the Superseding Indictment, and,

**Second**: That during and in relation to the commission of that crime, David Best knowingly used or carried a firearm. The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the crime of the drug trafficking crime charged in Count One of the Superseding Indictment. "Use" means more than mere possession of a firearm by a person who commits a crime; to establish use, the Government must show active employment of the firearm. If the Defendant did not either disclose or mention the firearm or actively employ it, the Defendant did not use the firearm. "Carry" means that the Defendant had the firearm on his person or possessed the firearm.

**Third**: That David Best used or carried the firearm during and in relation to the crime of conspiracy to distribute and possess with the

intent to distribute oxycodone and oxymorphone. During and in relation to means that the firearm must have had some purpose or effect with respect to the conspiracy to distribute and possess with the intent to distribute oxycodone and oxymorphone. The firearm must have at least facilitated or had the potential of facilitating the conspiracy to distribute and possess with the intent to distribute oxycodone and oxymorphone.

In determining whether David Best used or carried a firearm in relation to the conspiracy to distribute and possess with the intent to distribute oxycodone and oxymorphone, you may consider all of the factors received in evidence in the case including the nature of the underlying crime, conspiracy to distribute and possess with the intent to distribute oxycodone and oxymorphone, how close David Best was to the firearm in question, the usefulness of the firearm to conspiracy to distribute and possess with the intent to distribute oxycodone and oxymorphone, and the circumstances surrounding the presence of the firearm.

The Government is not required to show that David Best actually displayed or fired the weapon. However, the Government must prove beyond a reasonable doubt that the firearm was in David Best's possession or under his control at the time that the crime of conspiracy to distribute and possess with the intent to distribute oxycodone and oxymorphone was committed ,and that the firearm facilitated or had the potential of facilitating the conspiracy to distribute and possess with the intent to distribute oxycodone and oxymorphone.

If you the jury have determined beyond a reasonable doubt that the Defendant did use or carry a firearm during and in relation to the drug trafficking crime charged in Count One of the Superseding Indictment, you must then determine whether the Defendant also brandished the firearm. The term "brandish" means to display all or part of the firearm, or otherwise make the presence of the firearm known to another person, in order to intimidate that person, regardless of whether the firearm is directly visible to that person. If you determine that Defendant did brandish the firearm, please check the box on the verdict form.

To find that Defendant possessed a firearm in furtherance of the drug trafficking crime charged in Count One of the Superseding Indictment, you must find that the Government proved each of the following two elements beyond a reasonable doubt.

**First**: That David Best committed the crime of conspiracy to distribute and possess with the intent to distribute oxycodone and oxymorphone as charged in Count One of the Superseding Indictment; and

**Second**: that David Best knowingly possessed a firearm in furtherance of this crime. If you find David Best possessed the firearm, you must consider whether the possession was in furtherance of the crime of conspiracy to distribute and possess with the intent to distribute oxycodone and oxymorphone.

Possession "in furtherance of" means for the purpose of assisting in, promoting, accomplishing, advancing, or achieving the goal or objective of conspiracy to distribute and possess with the intent to distribute oxycodone and oxymorphone.

Mere presence of a firearm at the scene is not enough to find possession in furtherance of a drug trafficking crime. The firearm's presence may be coincidental or entirely unrelated to the underlying crime. Some factors that may help you determine whether possession of a firearm furthers a drug trafficking crime include, but are not limited to:

1. the type of criminal activity that is being conducted;

2. accessibility of the firearm;

3. the type of firearm;

4. whether the firearm is stolen;

5. whether the Defendant possesses the firearm legally or illegally;

6. whether the firearm is loaded;

7. the time and circumstances under which the firearm is found; and

8. proximity to drugs or drug profits.

Again, the Government is not required to prove that Defendant both used and carried the firearm during a drug trafficking crime and possessed the firearm in furtherance of a drug trafficking crime. Rather,

only one of those actions will suffice.  However, you must unanimously agree as to which crime Defendant committed.

### VI. Process of Jury Deliberation

That concludes my instructions explaining the law regarding the testimony and other evidence, and the offenses charged.  Now let me explain some things about your deliberations in the jury room, and your possible verdict.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree.  In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so, without violation to individual judgment.  Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.

In the course of your deliberations, do not hesitate to re-examine

your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, at all times you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. However, the views and vote of the foreperson are entitled to no greater weight than those of any other juror. You can make this selection and conduct your deliberations in whatever manner you think best, but I offer some suggestions that other juries have found helpful to allow full participation by all jurors and to arrive at a verdict that satisfies everyone.

The foreperson should encourage open communication,

cooperation and participation by all jurors, and be willing and able to facilitate discussions when disagreements and disputes arise.

The foreperson should let each of you speak and be heard before expressing her or his views.

The foreperson should never attempt to promote or permit anyone else to promote his or her personal opinions by coercion or bullying.

The foreperson should make sure that deliberations are not rushed. Some people are better at facilitating than others, and if it becomes clear that someone else would be a more effective foreperson, you might want to consider selecting a different person, with no hard feelings.

You also may think it wise to select a secretary to record votes, which should probably be cast by secret ballot, and to keep track of whether everyone has spoken.

Some juries think it will be useful to take a preliminary vote before discussions are started, however, such an early vote often proves counter-productive for several reasons, including that it tends to "lock-in" a particular point of view before alternative points of view are

covered.

You should listen carefully and attentively to each other, and hear what each other person is saying before responding. Don't interrupt and don't monopolize the discussion. Speak one at a time. Be patient and respectful of other opinions, and don't take it personally if someone disagrees with you.

I want to remind you that your verdict, whether it is guilty or not guilty on an offense, must be unanimous. To find David Best guilty of an offense, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves each element of that offense beyond a reasonable doubt. To find David Best not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

If you decide that the Government has proved David Best guilty, then it will be my responsibility to decide what the appropriate punishment should be. The punishment provided by law for the offenses charged in the Superseding Indictment is a matter exclusively within the

province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offenses charged.

In other words, you should never consider the possible punishment in reaching your verdict.

As I have said before, your verdict must be based only on the evidence received in this case and the law I have given to you. You should not take anything I may have said or done during trial as indicating what I think of the evidence or what I think your verdict should be.  What the verdict should be is the exclusive responsibility of the jury.

Now that all the evidence is in, the arguments are completed, and once I have finished these instructions, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Do not hesitate to change your

mind if you are convinced that other jurors are right and that your original position was wrong.  But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.  Listen carefully to what the other jurors have to say, and then decide for yourself if the Government has proved the Defendant guilty beyond a reasonable doubt.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  You should all feel free to speak your minds.

Remember, if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the

memory or impression of each juror.

Once you start deliberating, do not talk, communicate with, or provide any information about this case by any means to the court officials, or to me, or to anyone else except each other. During your deliberations, you may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case.

**Verdict Form**

A Verdict Form has been prepared for you, and you have reviewed a copy. You will take the original Verdict Form to the jury room and when you have reached a unanimous agreement as to your verdict, you will each sign it, have your foreperson date it, and then signal the Bailiff that you are prepared to return to the courtroom.

You will also be provided with copies of these instructions for

your use during deliberations.  If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing signed by the foreperson, and pass the note to the bailiff who will bring it to my attention.  After consulting with the lawyers, I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

When you have reached your unanimous verdicts, the foreperson should write the verdicts on the form for each count, date and sign it, return it to the courtroom and give the form to my Bailiff to give to me. If you decide that the Government has proved David Best guilty of an offense charged beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the Government has not proved David Best guilty of an offense charged, say so by having your foreperson mark the appropriate place on the form.

It is proper to add the caution that nothing said in these instructions and nothing in the Verdict Form prepared for your convenience is meant to suggest or hint in any way what verdict I think you should find.

What the verdict shall be is your sole and exclusive duty and responsibility. You will note from the oath about to be taken by the Bailiff that she too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

[Swear Bailiff and send jury out]