IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

                             :

        v.                   :          Criminal No. 2:13-cr-195

                             :

DAVID BEST

***POSITION OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS***

   David Best, Defendant above-named, by his attorney, Stanton D. Levenson, Esquire, hereby states that he has read the Presentence Investigation Report, and has the following objections thereto:

1. With respect to paragraph 10, the Defendant did not date Jade Gagianas "solely" for the purpose of obtaining drugs. He testified at trial that he did have feelings for her, and wasn`t seeing anyone else while he was dating her. Moreover, he took her out to various places and family functions and was a visitor in her family home. Additionally, it was obvious from her trial testimony that she was an intelligent young woman who knew that what she was doing was criminal. Nonetheless, she knowingly and voluntarily did it. She was neither forced nor coerced to participate in Defendant`s criminal activities. As a result of her conduct she knowingly and voluntarily pled guilty to the charges filed against her. Had she felt coerced,

1

she could have pled not guilty, gone to trial and asserted the defense of coercion.

2. With regard to paragraph 16, the Defendant objects to the government`s wholly speculative estimate that he purchased 5,000-10,000 oxycodone pills from Tony Villani.

3. With regard to paragraph 19, Dlubac testified at trial that he stole $3,600 from the Defendant, not $9,000-10,000. He also testified that he did not steal any drugs.

4. With regard to paragraph 22, the Defendant admitted to burglarizing the Med-Fast Pharmacy on 12-1-11. However, because the alarm went off, he fled before he could steal any drugs. He believes that someone who worked in the pharmacy stole the drugs before the police arrived to investigate. The owner of the pharmacy was reputed to have been selling drugs illegally.

5. With regard to paragraph 28, the Defendant objects to the use of the U.S.S.C. Sentencing Tables as they are not based on empirical data or Commission expertise. See e.g*. U.S. v. Diaz*, 11-cr-00821-2 (E.D.N.Y.).

6. With regard to paragraph 36, the Defendant believes he is entitled to a 3 level reduction for acceptance of responsibility. Pre-Indictment, he met with the government and offered to plead guilty to **_exactly_** what the jury convicted him of. The government

2

rejected his offer. Had the government accepted it, this costly and time-consuming trial could have been avoided. The government left the Defendant with no choice but to go to trial. He should not be penalized by the government`s rejection of his reasonable plea offer. Again, it was exactly what the jury convicted him of. Significantly, at trial, the Defendant admitted his guilt to all but two counts (cts. 4&5). Of those two counts, the jury convicted him of one and acquitted him of the other.

7. With regard to paragraph 44, the Defendant objects to the recommended 2 level increase for the reasons set forth in paragraph 1.

8. With regard to paragraph 66, the Defendant objects to the statement that he was raised in "the affluent town of Sewickley." His residence, in fact, is in Economy Borough and his family has a very modest life style. The Defendant believes this erroneous statement was included in the Presentence Report to somehow prejudice this Court against him.

9. The Defendant requests a 2 level downward departure based upon the U.S.S.C.`s reduction in the drug sentencing guidelines, which will become effective on November 1, 2014.

Respectfully submitted,

3

/s/ *Stanton D. Levenson*
Stanton D. Levenson, Esquire
PA.I.D. 00765
PO Box 81630
Pittsburgh, PA 15217
412-889-7270